UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO DOMINGUEZ,<br><br>               Plaintiff,<br><br>  -against-<br><br>B S SUPERMARKET INC., d/b/a CLARIMAR SUPERMARKET, and EDDY L. FERNANDEZ, in his individual and professional capacities, and JOHN DOE, in his individual and professional capacities.<br><br>               Defendants. | Docket No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, PEDRO DOMINGUEZ ("Mr. Dominguez" or "Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against Defendants, B S SUPERMARKET INC., d/b/a CLARIMAR SUPERMARKET, EDDY L. FERNANDEZ ("FERNANDEZ" ) in his individual and professional capacities and JOHN DOE, in his individual and professional capacities (collectively referred to as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action based upon flagrant and willful violations committed by the Defendants of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law §652(1); (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate

1

information on each pay day, N.Y. Lab. Law § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

## **JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

3.  Venue is appropriate in this court pursuant to 29 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the Defendants reside within this judicial district.

## **PARTIES**

4.  At all relevant times herein, Plaintiff, a former butcher at the supermarket known as Clarimar Supermarket, located at 4118 3rd Avenue, Brooklyn, New York 11232, is and has been a citizen of the State of New York and an "employee" entitled to protection as defined by the FLSA and NYLL.

5.  At all relevant times herein, Defendant B S Supermarket Inc. is and has been a private corporation, founded in 2004 and organized under the laws of the State of New York, with its principal place of business located at 4118 3rd Avenue, Brooklyn, New York 11232, which does business as and/or owns and operates Clarimar Supermarket and which is registered to receive process at 4118 3rd Avenue, Brooklyn, New York 11232.

6.  Mr. Fernandez, owner of Defendant Clarimar Supermarket during the relevant time period, is a Defendant in this action in his individual capacity. He is a citizen of this state and resides in the State of New York. Mr. Fernandez personally experiences profits or losses

depending on whether Clarimar Supermarket experiences profits or losses, and he maintains an office and regularly does business at 4118 3rd Avenue, Brooklyn, New York 11232.

7. John Doe (whose actual first name is "Roberto", last name unknown, and who is of Hispanic origin, with gray hair) was the manager of Clarimar Supermarket and Plaintiff's direct supervisor during the relevant statutory time period. John Doe terminated Plaintiff's employment on behalf of the Defendants.

8. At all relevant times herein, all of the above-listed Defendants, during Plaintiff's time employed at Clarimar, qualified as Plaintiff's "employers" within the meaning of the FLSA and NYLL. Additionally, the Defendants' - together and individually - qualifying annual business exceeded and exceeds $500,000, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as all of the defendants, together and individually – run a supermarket that uses products moved in interstate commerce and/or that cater to clients/patrons/customers from states other than New York. Furthermore, Plaintiff, during his time employed at Clarimar Supermarket, was individually engaged in interstate commerce as he frequently handled goods and food products that were moved in interstate commerce.

9. At all relevant times herein, Plaintiff worked for the Defendants at the Defendants' Brooklyn address listed above.

**PRELIMINARY STATEMENT**

10. This matter is a straightforward wage-and-hour case premised on the Defendants' willful FLSA and NYLL violations. Plaintiff was a non-salaried, non-exempt, non-tipped hourly employee of the Defendants who worked as a butcher at Clarimar Supermarket.

11. Defendant Fernandez is a serial and willful violator of the FLSA and NYLL's overtime and minimum wage requirements. Indeed, his willfulness is evidenced in part by a

prior lawsuit brought against him for his NYLL violations and his failure to compensate his employees in a manner that is compliant with the NYLL and FLSA in the face of this unlawful activity being brought to his attention.

12. From 2007 through the beginning of 2008, Plaintiff was compensated for his first forty hours worked per week at the rate of $10.00 per hour. From the remainder of 2008 through 2010, the Defendants compensated Plaintiff for his first forty hours worked per week at the rate of $11.25 per hour. From 2010 through July of 2013, the Defendants compensated Plaintiff for his first forty hours worked per week at the rate of $12.50 per hour. During the relevant time period, Plaintiff worked, on average, approximately fifty one hours per week. During the entire span of Plaintiff's employment, the Defendants did not compensate Plaintiff at any rate of pay, or at the statutorily required rate of one and one-half times his standard rate of pay, for any and all hours that Plaintiff worked per week in excess of forty. They also continuously failed to furnish Plaintiff with accurate and/or complete wage statements containing Plaintiff's hourly rate of pay; Plaintiff's overtime rate of pay; and the basis of computing Plaintiff's straight-time or overtime rates of pay enumerated criteria on each occasion as required by the N.Y. Lab. Law § 195(3).

## **BACKGROUND FACTS**

13. Prior to Defendant Fernandez coming into ownership of Clarimar, Plaintiff worked at Clarimar starting approximately between 1988 and 1990. Beginning in or around October 2004 and going forward through July 2013, Defendant B S Supermarket Inc. and Defendant Fernandez exercised ownership of and operated Clarimar Supermarket located at 4118 3rd Avenue, Brooklyn, New York 11232. During that entire period of time, Defendants employed Plaintiff as a butcher at the Clarimar Supermarket. Prior to Defendant Fernandez

coming into ownership of Clarimar, Plaintiff had worked at Clarimar starting approximately between 1988 and 1990.

14. The Defendants were all jointly responsible for setting Plaintiff's rate of pay, work schedule, job duties, and all other terms and conditions of Plaintiff's employment. All Defendants – with the possible exception of John Doe – experienced profits or losses depending on whether Clarimar Supermarket experienced profits or losses.

15. Plaintiff's employment at Clarimar Supermarket, located at 4118 3rd Avenue, Brooklyn, New York 11232, was as a butcher. Plaintiff did not supervise any other employees.

16. To complete his duties, Plaintiff was frequently responsible for working with supplies and food products that originated in states other than New York. Clarimar Supermarket itself also worked with, used, and ordered several supplies and food products from states outside of New York, and served clients, patrons, and customers from states outside New York.

17. Throughout his employment, Plaintiff was an hourly employee, paid on a non-salaried basis. Plaintiff was not eligible for, nor did he receive, tips or other gratuities.

18. Throughout the relevant years of his employment with the Defendants at Clarimar Supermarket, the Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, in shifts of nine hours per day. The Defendants permitted Plaintiff to take one thirty minute break for lunch each day.

19. Plaintiff's weekly schedule throughout his employment typically consisted of the following:

> Mondays: 8:00 a.m. to 5:00 p.m.;
>
> Tuesdays: Off;
>
> Wednesdays: 8:00 a.m. to 5:00 p.m.;

>Thursdays: 8:00 a.m. to 5:00 p.m.;

>Fridays: 8:00 a.m. to 5:00 p.m.;

>Saturdays: 8:00 a.m. to 5:00 p.m.;

>Sundays: 8:00 a.m. to 5:00 p.m.

20. Adding up those hours and accounting for his lunch break, throughout Plaintiff's employment the Defendants required Plaintiff to work, and Plaintiff did in fact work, fifty-one hours per week.

21. From 2007 to 2008, Defendants compensated Plaintiff for his work at the rate of $11.25 per hour for the first forty hours that Plaintiff worked per week.

22. From 2008 through Defendant's termination of Plaintiff's employment, Defendants compensated Plaintiff for his work at the rate of $12.50 per hour for the first forty hours that Plaintiff worked per week.

23. The Defendants did not compensate Plaintiff at any rate of pay, or at the statutorily required rate of one and hone-half times his standard rate of pay, for any and all hours that Plaintiff worked per week in excess of forty throughout the entirety of his employment.

24. The Defendants paid Plaintiff his total wages earned on a weekly basis.

25. On the occasions when the Defendants paid Plaintiff, the Defendants intentionally did not furnish Plaintiff with a statement that accurately listed the following: Plaintiff's hourly rate of pay; Plaintiff's overtime rate of pay; and the basis of computing Plaintiff's straight-time or overtime rates of pay. Defendants were required by the NYLL to furnish said statements on each occasion when they paid wages to Plaintiff.

26. Defendant Fernandez has engaged in similar unlawful payment practices with respect to other employees of his other businesses. The Defendants were at all times aware of

their legal obligation to pay Plaintiff, and their other non-exempt employees, overtime pay at the rate of one and one-half times their standard rate of pay. The Defendants were also at all times aware of their legal obligation to issue Plaintiff, and their other non-exempt employees, accurate wage statements in accordance with the NYLL. Thus, their violations of the FLSA and NYLL with respect to Plaintiff were willful.

## **FIRST CLAIM AGAINST ALL DEFENDANTS**
*Unpaid Overtime under the FLSA*

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

29. As described above, all Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

30. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

31. The Defendants' actions were in willful violation of the FLSA.

32. Plaintiff is entitled to his overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his standard rate of pay.

33. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM AGAINST ALL DEFENDANTS
*Minimum Wage Violations of the FLSA*

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked. From January 1, 2007 to July 23, 2009, the minimum wage under the NYLL was $7.15 per hour. From July 24, 2009 up through Plaintiff's termination, the minimum wage rate was $7.25 per hour.

36. As described above, all Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

37. As also described above, for all hours that Plaintiff worked per week in excess of forty, the Defendants did not compensate Plaintiff at any rate of pay, which obviously means that they compensated Plaintiff for those hours at an hourly rate less than the minimum required by the FLSA.

38. The Defendants' actions were in willful violation of the FLSA.

39. Plaintiff is entitled to the minimum rate of pay that he was legally due under the FLSA's minimum wage provisions for these hours worked.

40. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

### THIRD CLAIM AGAINST ALL DEFENDANTS
*Unpaid Overtime under the NYLL and NYCCRR*

41. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

43. As described above, all Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

44. As also described above, Plaintiff worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff in accordance with the NYLL's and NYCCRR's overtime provisions.

45. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

46. Plaintiff is entitled to his overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his standard rate of pay.

47. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM AGAINST ALL DEFENDANTS
*Minimum Wage Violations of the NYLL*

48. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. N.Y. Lab. Law § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked. From 2007 to July 23, 2009, the minimum wage under the NYLL was $7.15 per hour. From July 24, 2009 up through Plaintiff's termination, the minimum wage rate was $7.25 per hour.

50. As described above, all Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

51. As also described above, for all hours that Plaintiff worked per week in excess of forty, the Defendants did not compensate Plaintiff at any rate of pay, which obviously means that they compensated Plaintiff for those hours at an hourly rate less than the minimum required by the NYLL.

52. The Defendants' actions were in willful violation of the NYLL.

53. Plaintiff is entitled to the minimum rate of pay that he was legally due under the NYLL's minimum wage provisions for these hours worked.

54. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's minimum wage provisions.

### **FIFTH CLAIM AGAINST ALL DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

55. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

57. As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing all of the criteria required under the NYLL.

58. Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff in the amount of $100 for each failure of this sort.

59. For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiff for liquidated damages and attorneys' fees.

## DEMAND FOR A JURY TRIAL

60. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws.

b. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

c. All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and New York Labor Law;

e. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
December 18, 2013

>Respectfully submitted,
>
>BORRELLI & ASSOCIATES, P.L.L.C.
>*Attorneys for Plaintiff*
>1010 Northern Boulevard, Suite 328
>Great Neck, New York 11021
>Tel. (516) 248 - 5550
>Fax. (516) 248 – 6027
>
>By: _____/s/_____
>DANA Z. STECKER (DS 8921)
>MICHAEL J. BORRELLI (MB 8533)